IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHARLES TORNS, JR.                                                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:07cv242-DPJ-JCS

STATE OF MISSISSIPPI, et al.                                                              DEFENDANTS

REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's Motion for a Temporary Restraining Order, Injunction or Emergency Hearing [Dkt. nos. 10, 11 and 12]. Having considered the motion, the undersigned recommends that it be denied.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). That test requires that a plaintiff seeking injunctive relief establish  (1)  a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) that the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) that granting the injunction will not disserve the public interest.  *Mississippi Power & Light Co.*, 760 F.2d at 621.  These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order.  *Id.*

In his motion, Plaintiff requests that this court order prison officials to follow proper prison policy and procedures concerning cell searches and shake-downs and to provide Petitioner with a typewriter.  Nothing in the motion establishes any likelihood that Plaintiff

will suffer irreparable injury if an injunction is not entered. Neither has Plaintiff alleged facts indicating that any of the other prerequisites could be met. For these reasons, the undersigned recommends that Plaintiff's motion be denied without a hearing.

The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report on or before September 1, 2007, will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 21st day of August, 2007.

/s/   James C. Sumner
UNITED STATES MAGISTRATE JUDGE