IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHARLES TORNS, JR.                                                              PETITIONER

VS.                                                       CIVIL ACTION NO.  3:07cv242-DPJ-JCS

STATE OF MISSISSIPPI and
RONALD KING                                                                    RESPONDENT

### REPORT AND RECOMMENDATION

This cause is before the court on the petition for writ of habeas corpus filed by Charles Torns and Respondent's motion to dismiss the petition as untimely.  Having considered the motion and Petitioner's arguments in opposition to the motion,  the undersigned recommends that the motion be granted and the petition be dismissed with prejudice.

Petitioner was convicted on September 30, 1993 in the Circuit Court of Hinds County, Mississippi of the crimes of mail fraud and uttering a forgery.  On October 4, 1993, he was sentenced to serve concurrent terms of fifteen and five years.  The Mississippi Court of Appeals affirmed Torns' conviction and sentence on April 23, 1996. He filed his § 2254 petition with this court on or after April 25, 2007.[1]  In his Petition, he alleges that his sentence has been wrongfully computed in that he has been denied credit

---

[1] Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court.  *Coleman v. Johnson*, 184 F.3d 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000).  Thus, Torns' petition was "filed" sometime between the date it was signed, April 25, 2007, and the date it was received and filed by the district court, May 3, 2007.

for 1,110 days served prior to sentencing.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).   Torns indicates in his Petition that he first became aware of this alleged error on June 22, 1995, when he received a Sentence Computation Data Sheet. Respondents argue that because he first discovered the factual predicate of his claims on that date, his claim accrued at that time.  However,  AEDPA's one-year limitations period does not begin to run prior to the date of the statute's enactment, April 24, 1996.  Rather, the limitations period begins to run on that date for any claims which otherwise accrued

2

prior to that date. *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998). Thus, according to Respondents, Torns had one year from the date of AEDPA's enactment, or until April 24, 1997, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief was pending in the state court. Torns did not file in the state court a motion for post-conviction relief at any time on or before April 24, 1997. Furthermore, Petitioner has failed to establish any "rare or exceptional" circumstance to warrant equitable tolling of the limitations period. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Therefore, according to Respondents, his one-year period expired on April 24, 1997, and his habeas petition, filed on or about April 25, 2007, was filed approximately ten years too late.

It is not altogether clear, however, that Torns' one-year period began to run on the date he received his sentence computation sheet, especially given the fact that his direct appeal was still pending. The "from the latest of " language of § 2244(d)(1) suggests that the period could never begin to run prior to the date on which the conviction became final. However, certainly at the latest, Petitioner's one year began to run when his state court conviction became final. Torns' petition for writ of certiorari to the Mississippi Supreme Court was denied on August 22, 1996. He apparently did not seek a writ of certiorari to the United States Supreme Court, so his conviction became final ninety days later, on November 20, 1996, when his time period for doing so expired. *See Otto v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (pursuant to Supreme Court Rule 13(a), period for seeking certiorari is ninety days after the state court's final decision). Thus, at the latest, his one-year limitations period began running on that date. He did not file for state post-conviction relief on or before November 20, 1997. Thus, under this alternative

3

calculation, his one-year period expired on that date, and his habeas petition was still over eight years too late.

For these reasons, the undersigned recommends that the motion to dismiss be granted and the petition be dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report by February 11, 2008, will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 23rd day of January, 2008.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE