UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHARLES TORNS, JR.                                                                                    PETITIONER

V.                                                                          CIVIL ACTION NO. 3:07CV242 DPJ-JCS

STATE OF MISSISSIPPI, ET AL.                                                                   RESPONDENT

ORDER

This cause is before the Court on two Report and Recommendations of Magistrate Judge James C. Sumner. Petitioner has filed objections to both. The Court, having considered the Report and Recommendations, along with Petitioner's objections, finds that the recommendations of Judge Sumner should be adopted as the findings of this Court.

I.        August 22, 2007 Report and Recommendation

On August 22, 2007, Judge Sumner entered a Report and Recommendation suggesting the denial of Petitioner's "Motion for a Temporary Restraining Order, Injunction or an Emergency Hearing," based on Petitioner's failure to establish any of the four conditions necessary for injunctive relief. *See Miss. Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (setting out the four conditions). Having considered the Report and Recommendation, Petitioner's objections, and his supplement to the objections, the Court finds that the Report and Recommendation should be adopted and Petitioner's "Motion for a Temporary Restraining Order, Injunction or an Emergency Hearing" should be denied.

II.       January 23, 2008 Report and Recommendation

Respondent moved to dismiss Torns's petition for writ of habeas corpus as untimely on June 6, 2007. On June 25, 2007, Torns moved for an extension of time to file his traverse. This request was granted on July 2, 2007, and Judge Sumner ordered Torns to file his traverse by

August 20, 2007. On August 16, 2007, Torns moved again for an extension of time to file his traverse. Judge Sumner denied this request on August 22, 2007 and ordered Torns to file his traverse by September 7, 2007. On September 5, 2007, Petitioner signed a pleading titled "Plaintiff's Objections and/or Motions for an Extension of Time to File Objection and Plaintiff's Traverse," which sought, among other things, an additional sixty (60) days to file his traverse to Respondent's motion to dismiss. This Court granted the extension Torns requested, but the docket reflects that he never filed a traverse to the motion to dismiss. After the additional sixty (60) days expired, Judge Sumner recommended granting Respondent's motion to dismiss Torns's petition for writ of habeas corpus as untimely pursuant to 28 U.S.C. § 2244(d).

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Torns was convicted on September 30, 1993 and sentenced on October 4, 1993. The Mississippi Court of Appeals affirmed his sentence and conviction on April 23, 1996, and the Mississippi Supreme Court denied his petition for writ of certiorari on August 22, 1996. Torns did not seek a writ of certiorari to the United States Supreme Court, so his conviction became final when his time for doing so expired on November 22, 1996. Judge Sumner concluded that his one-year limitations period for filing a federal writ of habeas corpus expired one year later, on November 22, 1997, and because Torns did not file a motion for post-conviction relief in state court before November 22, 1997, the limitations period was not subject to tolling. Thus, Torns's petition, filed April 25, 2007, was untimely.

In his objection to the Report and Recommendation, Petitioner acknowledges that he has not filed a traverse to the motion to dismiss, but argues that he has an "outstanding motion," filed on or about November 29, 2007. The Court has reviewed Petitioner's "November 29, 2007" filing (docketed on December 3, 2007) and finds that it does not move the Court for additional time to file a traverse to Respondent's motion to dismiss. Furthermore, Judge Sumner's decision to dismiss the petition as untimely was not based on Petitioner's failure to file a response to the motion. Instead, Judge Sumner considered Petitioner's explanation for the timeliness of his petition as reflected in approximately a page and a half of his petition for writ of habeas corpus. Petition for Writ of Habeas Corpus at 14 and 14a.

In this petition, Torns alleges that he should be credited 1,110 days of time served for various periods during which he was incarcerated. Attached to his petition is a "Sentence Computation Time Sheet" dated May 22, 1995 that does not reference the 1,110 days of earned time, noting instead "Jail Time Record 82 days." Torns claims in his objection that he did not

3

come into contact with the time sheet until August 21, 2006, but he has presented no evidence to support this assertion. Moreover, his petition suggests that he had notice of the commitment order in 1995:

> 22) That petitioner was issued a sentence computation data sheet, on or about June 22, 1995, in which revealed petitioner had received only 82 days jail-time between July 14, 1993 to October 4, 1993, and after the time the briefing was completed on the petitioner's direct appeal in Cause no. 94-KA-01428-COA; thus, issue that the commitment order was not correct, was not pursued by petitioner court, new appointed appellate counsel, . . . .

Petition for Writ of Habeas Corpus at 6d.

Finally, Torns mentions in both his objection and under the "timeliness" portion of his habeas petition that he is entitled to tolling of the limitations period while an application for post-conviction relief is pending. Under 18 U.S.C. § 2244(d)(2), the limitations period is subject to tolling while a properly filed state application for post-conviction relief is pending. With respect to Torns, because his federal habeas petition was due on or before November 22, 1997, to be eligible for tolling he must have filed an application for post-conviction relief before that date. The only application for post-conviction relief mentioned in his objection or his habeas petition is an application he filed August 28, 2006 in the trial court. This application was well beyond the November 22, 1997 deadline. Based on the record before the Court, the subject petition is untimely.

Accordingly, the Court finds that Judge Sumner's January 23, 2008 Report and Recommendation should be adopted as the finding of this Court and Respondent's motion to dismiss should be granted.

III.     Conclusion

IT IS, THEREFORE, ORDERED that the August 22, 2007 Report and Recommendation of United States Magistrate Judge James C. Sumner be, and the same is hereby, adopted as the finding of this Court, and Petitioner's "Motion for a Temporary Restraining Order, Injunction or an Emergency Hearing" should be denied.

IT IS, THEREFORE, ORDERED that the January 23, 2008 Report and Recommendation of United States Magistrate Judge James C. Sumner be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed with prejudice.

A separate judgment will be entered herein in accordance with this Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 10th day of March, 2008.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE